IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MELISSA LARA, INDIVIDUALLY AND | § | |
| NEXT FRIEND OF M.L. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-cv-00056 |
| | § | |
| RYAN PATRICK MAHONY | § | |
| GRICELDA R. LUNA | § | JURY DEMANDED |

### DEFENDANT'S, RYAN PATRICK MAHONY, NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Defendant, Ryan Patrick Mahony, files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and will show unto this Court the following:

### Summary of Notice

1. Defendant Ryan Patrick Mahony removes this lawsuit because complete diversity exists since there is improper joinder of Defendant Gricelda R. Luna, the amount in controversy exceeds $75,000.00, and this Notice of Removal is being filed within the time period permitted under §1446.

2. Plaintiff improperly joined her mother, Gricelda Luna as a purported Defendant solely to defeat diversity. Plaintiff renounced and abandoned all claims against her mother, Gricelda Luna, as shown by her responses to Interrogatories and Requests for Admission below.

### Background

3. Defendant Mahony is a resident of New York. *See* Exhibit A, Plaintiffs' Original ¶ 1.2. Defendant Mahony was and remains employed by the United States Customs and Border Protection. Defendant Ryan Patrick Mahony was temporarily

assigned from New York for duties in Eagle Pass, Texas to assist with Customs and Border Protection.

4.      This case involves a two-car accident on June 20, 2020 in Eagle Pass, Texas. Traffic had backed up for the traffic light.   Defendant Mahony pulled out of a business drive to turn left onto Main Street.   Defendant Gricelda Luna was driving down the center-turn lane toward, reportedly to turn left, when the collision occurred.   Minor Plaintiff was the only passenger in the car with her mother, Gricelda Luna.   *Id.* ¶ 3.1-4.2.

5.      Melissa Lara is the adult sister of Minor Plaintiff and file suit as next friend of Minor Plaintiff (the minor's initials also are "M.L.").    Melissa Lara was not in the car, not injured and received no medical care, and instead sues as next friend.   *See* Exhibit E (Melissa Lara's responses to Interrogatories and Requests for Production) and Exhibit C.

6.      Plaintiff and her mother, Gricelda Luna, are a resident of Maverick County, Texas.   *See* Exhibit A, ¶ 1.1 and 1.2.

7.      On October 9, 2020, Plaintiff filed this lawsuit in State Court against her mother and Defendant Mahony.   *Id.* (see file-stamped Petition dated October 9, 2020). This removal is timely filed within one year from the date suit was filed.   28 U.S.C. § 1446(c)(1).

8.      Plaintiff improperly joined Gricelda Luna as a purported defendant so that Plaintiff and Gricelda Luna could bring their claims against Defendant Mahony in State Court instead of Federal Court and attempt to defeat diversity and removal.   *See* Exhibit A (Petition) and Exhibit B (Gricelda Luna's Cross Claim).   As shown below, Plaintiff and Gricelda are in fact mutually aligned.   Furthermore, Plaintiff has renounced and abandoned her claim against her mother.

9. Plaintiff asserts damages of $200,000 to $1 million. See Exhibit A, ¶ 7.3. Defendant/Cross Plaintiff Gricelda Luna asserts damages of $250,000 to $1 million. See Exhibit B, ¶ 1.1.

10. Defendant Mahony served Requests for Admission and Interrogatories to Plaintiff regarding her alleged claims of negligence and negligence per se against her mother, Gricelda Luna.

11. On September 28, 2021, Plaintiff served responses to the Admission requests. *See* Exhibit C. On September 30, 2021, Plaintiff served responses to the Interrogatory requests. *See* Exhibit D. This removal is filed within 30 days of Plaintiff's responses confirming renouncement and abandonment of her claims against Gricelda Luna for negligence and negligent per se. 28 U.S.C. § 1446(b)(3).

**Improper or Fraudulent Joinder**

12. Plaintiff's ("M.L." is the Minor Plaintiff) joinder of Gricelda Luna as a purported Defendant is improper as attempt to circumvent diversity and removal to this Federal Court. Plaintiff renounced and abandoned of all claims against her mother, Gricelda Luna, for negligence or negligence per se, as shown below:

> Petition ¶ 5.2: "The occurrence made basis of this suit and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Defendant…Gricelda R. Luna…"
>
> Admission 3: "The occurrence made basis of this suit and [M.L.]'s resulting injuries and damages were proximately caused by the negligent conduct of Gricelda R. Luna.
>
> > Minor's Response to the above: Denied.

Petition ¶ 5.2a: "…Gricelda R. Luna…in failing to keep a proper lookout."

Admission 4:     "Gricelda R. Luna failed to keep a proper lookout."

Minor's Response to the above: Denied.

Petition ¶ 5.2b: "…Gricelda R. Luna…in failing to timely apply the brakes…in order to avoid the collision in question."

Admission 5:     "Gricelda R. Luna failed to timely apply the brakes to her vehicle in order to avoid the collision in question."

Minor's Response to the above: Denied.

Petition ¶ 5.2c: "…Gricelda R. Luna…in failing to take evasive action in order to avoid the collision."

Admission 6:     "Gricelda R. Luna failed to take evasive action to avoid the collision."

Minor's Response to the above: Denied.

Petition ¶ 5.2d: "…Gricelda R. Luna…in failing to maintain proper control of [the] vehicle."

Admission 7:     "Gricelda R. Luna failed to maintain proper control of her vehicle."

Minor's Response to the above: Denied.

Petition ¶ 5.2e: "…Gricelda R. Luna…in failing to control…speed."

Admission 8:     "Gricelda R. Luna failed to control her speed."

Minor's Response to the above: Denied.

Petition ¶ 5.2f: "…Gricelda R. Luna…in driving inattentively."

Admission 9:     "Gricelda R. Luna was driving inattentively."

Minor's Response to the above: Denied.

Petition ¶ 5.3: "…each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by Plaintiffs."

Admission 10:   "Gricelda R. Luna's acts and/or omissions were a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by…M.L."

   Minor's Response to the above: Denied.

Petition ¶ 5.4: "…the injuries and damages described herein were proximately caused by the negligence of Defendants' and accordingly, Defendants' are liable.

Admission 11:   "The injuries and damages of…M.L. were proximately caused by the negligence of Gricelda R. Luna and accordingly, Gricelda R. Luna is liable to …M.L."

   Minor's Response to the above: Denied.


Petition ¶ 6.1a: Gricelda R. Luna [was] Negligent Per Se and violated "V.T.C.A., Transportation Code, Section 545.401 states in relevant part that: 'A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.'"

Admission 12: "Gricelda R. Luna was negligent per se and violated V.T.C.A., Transportation Code, Section 545.401 in that: 'A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.'"

   Minor's Response to the above: Denied.

Petition ¶ 6.1b: Gricelda R. Luna was Negligent Per Se and violated "V.T.C.A., Transportation Code, Section 545.351(b)(2) states in relevant part that: 'A person commits an offense if the person fails to control the speed of her vehicle as a reasonable and prudent person would have done under the same or similar circumstances.'"

Admission 13: "Gricelda R. Luna was negligent per se and violated V.T.C.A., Transportation Code, Section 545.351(b)(2) in that: 'A person commits an offense if the person fails to control the speed of her vehicle as a reasonable and prudent person would have done under the same or similar circumstances.'"

   Minor's Response to the above: Denied.

Petition ¶ 6.2:   Violations of V.T.C.A., Transportation Code, Section 545.401 and Section 545.351(b)(2) was a "proximate cause of the occurrence and Plaintiff's resulting damages and injuries."

Admission 14: "Gricelda R. Luna's violation of V.T.C.A., Transportation Code, Section 545.401 was a proximate cause of the occurrence and…M.L.'s damages and injuries."

Admission 15: "Gricelda R. Luna's violation of V.T.C.A., Transportation Code, Section 545.351(b)(2) was a proximate cause of the occurrence and…M.L.'s damages and injuries."

Minor's Response to Admission 14 and 15 above: Denied.

Petition ¶ 6.3: Accordingly, Defendant's failure to comply with these provisions of said statutes constitutes…Negligence Per Se as a matter of law."

Admission 16: "Gricelda R. Luna's violation of V.T.C.A., Transportation Code, Section 545.401 constitutes negligence per se."

Admission 17: "Gricelda R. Luna's violations of V.T.C.A., Transportation Code, Section 545.351(b)(2) constitutes negligence per se."

Minor's Response to Admission 16 and 17 above: Denied.

Interrogatory 16: "Do you contend, Gricelda R. Luna was negligent or caused the accident and/or injuries claimed by M.L…., and, if yes, please state each act or omission committed by Gricelda R. Luna that was negligent."

Minor's Response to the above: "Minor Plaintiff does not".

Interrogatory 17: "Do you contend, Gricelda R. Luna was negligent or caused the accident and/or injuries claimed by M.L. or Marisol Luna, and, if yes, please state each act or omission committed by Gricelda R. Luna that was negligent per se."

Minor's Response to the above: "Minor Plaintiff does not".

13.    The above clearly shows Plaintiff improperly joined Defendant Gricelda Luna to defeat diversity.    Plaintiff has renounced and abandoned each and every substantive

claim of negligence and negligence per se pled against purported Defendant, Gricelda Luna.

14. The citizenship of a non-diverse defendant, Gricelda Luna, is to be disregarded for the purposes of determining diversity because Gricelda Luna was improperly joined; therefore, complete diversity exists between the parties for removal purposes.

15. The Fifth Circuit has directed district courts to disregard the citizenship of parties that have been improperly joined. *See Smallwood v. Ill. Cen. R.R. Co.*, 385 F3d 568, 572*573 (5th Cir. 2004) (en banc). The rationale of the improper joiner doctrine is that removal should not be defeated by the inclusion of a local defendant that has no real connection in the controversy. *Chesapeake & O.R. Co. v. Cockrell,* 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544 (1914).

16. Under this guidance, the Fifth Circuit has stated that improper joinder may be established in one of two ways. The defendant either must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood,* 385 F.3d at 573 (citation omitted). Courts have held that "when a Plaintiff, at whatever time and for whatever reason, indicates a desire to completely abandon the claims against all non-diverse defendants, those defendants are fraudulently joined, and the case becomes removable at that moment." *Franz v. Wyeth,* 431 F.Supp.2d 688, 690 (S.D. Tex.2004); *see also Aydell v. Sterns,* 677 F.Supp. 877, 880 (M.D. La.1988) ("Where plaintiff by his voluntary act has definitely indicated his intention to discontinue the action as to all non-diverse defendants, the case then becomes removable. In order to demonstrate improper joinder based on 'voluntary abandonment' of a claim, there need not be a formal dismissal of the non-diverse

party, but the defendant must show plaintiff has 'a definite or unequivocal expression of intent to discontinue the action against the resident party'." *Naef v. Masonite Corp.,* 923 F.Supp. 1504, 1510 (S.D. Ala.1996); *Bourque v. Nan Ya Plastics Corp.,* 906 F.Supp. 348, 352 (M.D. La.1995) ("The defendants can avoid remand of the case if they can show that plaintiff has voluntarily abandoned his claims against the non-diverse defendants by clear and unambiguous acts"); *Martinez v. Conner*, 2010 WL 2143653, *2 (N.D. Tex. 2010) (stating that the Fifth Circuit prefers the term "improper joinder" rather than "fraudulent joinder"); *see also Wells v. Allen*, No. 12-cv-00987, 2013 WL 24004171 (W.D. Tex. May 31, 2013) (reiterating that the Fifth Circuit views "the inquiry regarding a 'fraudulently joined' defendant and a 'nominal' defendant is the same; in both cases, the removing party must show that the plaintiff could not possibly establish a cause of action against the nominal or fraudulently joined defendant in state court.") (citing *Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Servs.,* 925 F.2d 866, 871 (5th Cir.1991)).

## Consent of the Parties Not Required

17.     Consent is not necessary because the only other Defendant is Gricelda R. Luna who has been improperly or fraudulently joined. *Couzens v. Donohue*, 854 F.3d 508, 512–13 (8th Cir. 2017); *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015).

## Procedural Matters

18.     Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

| Exhibit Number | Description of Document |
|---|---|
| Exhibit 1 | Plaintiff's Original Petition |
| Exhibit 2 | Civil Information Sheet |
| Exhibit 3 | Affidavit of Service, Ryan P. Mahony |
| Exhibit 4 | Defendant Gricelda Luna Original Answer |
| Exhibit 5 | Defendant Gricelda Luna Jury Demand |
| Exhibit 6 | Defendant Gricelda Luna Certificate of Written Discovery (this document was not available to Defendant Mahony via the Maverick District Court's filing system.) |
| Exhibit 7 | Defendant Gricelda Luna Certificate of Written Discovery |
| Exhibit 8 | Notice of Hearing for Docket Control Conference |
| Exhibit 9 | Defendant Gricelda Luna Cross Claim |
| Exhibit 10 | Texas Department of Transportation Certificate |
| Exhibit 11 | Affidavit of Service, Transportation Commission |
| Exhibit 12 | Notice of Hearing for Docket Control Conference |
| Exhibit 13 | Defendant Mahony Original Answer to Cross-Plaintiff Gricelda Luna's Crossclaim |
| Exhibit 14 | Affidavit of Service, Ryan P. Mahony |
| Exhibit 15 | Affidavit of Service, Ryan P. Mahony |
| Exhibit 16 | Affidavit of Service, Ryan P. Mahony |
| Exhibit 17 | Defendant Ryan Mahony Original Answer to Minor Plaintiff's Original Petition |
| Exhibit 18 | Docket Control Order |
| Exhibit 19 | Notice of Filing Affidavits |
| Exhibit 20 | Notice of Filing Affidavits |
| Exhibit 21 | Order Referral to Mediation |
| Exhibit 22 | Trial Setting |
| Exhibit 23 | Notice of Filing Affidavits |
| Exhibit 24 | Notice of Filings Affidavits |
| Exhibit 25 | Notice of Intent for Gricelda Luna |
| Exhibit 26 | Notice of Intent for M.L. |
| Exhibit 27 | Vacation Letter |
| Exhibit 28 | Cross-Plaintiff's Notice of Deposition of Ryan Mahony |
| Exhibit 29 | Notice of Filings Affidavits |
| Exhibit 30 | Cross-Plaintiff's Motion to Strike Counter-Affidavits |
| Exhibit 31 | Cross-Plaintiff's Amended Cross Claim |
| Exhibit 32 | Defendant's Notice of Filings Amended Report |
| Exhibit 33 | Defendant Mahony's Supplemental Responses to Disclosure |

19. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit is pending (Maverick County) is located in this district.

20. Defendant will promptly file a copy of this notice of removal with the clerk of

the state court where the suit has been pending.

21.     Plaintiff and Defendant demanded a jury in the state-court suit.

22.     THEREFORE, Defendant Ryan Patrick Mahony moves to remove Cause No. 20-10-39310-MCV, styled Melissa Lara Individually and A/N/F of M.L. v. Ryan Patrick Mahony and Gricelda R. Luna, in the 293rd Judicial District of Maverick County, Texas to the United States District Court for the Southern District of Texas – Del Rio Division, pursuant to the statutes and in conformance with the requirements set forth in 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**BENJAMIN, VANA, MARTINEZ & CANO, LLP**

By:     */s/ Dan J. Vana*
        **Dan Joe Vana**
        State Bar No. 20435750
        danvana@benlawsa.com

2161 NW Military Highway, Suite 111
San Antonio, TX    78213
Telephone: (210) 881-0667
Facsimile: (210) 881-0668

**ATTORNEY FOR DEFENDANT,
RYAN P. MAHONY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following and, if such person is not a member of the CM/ECF system, then service will be made in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Rolando M. Jasso<br>RM Jasso Law Firm PLLC<br>315 N. Ceylon Street<br>Eagle Pass, Texas 78852 | Alfonso Nevarez C.<br>Mariliza V. Williams<br>Nevarez Law Group, P.C.<br>780 E. Rio Grande Street<br>Eagle Pass, Texas 78852 |

Greg Chandler
Bain & Barkley
14090 Southwest Freeway, Suite 450
Sugar Land, Texas 77478

                                                  */s/ Dan J. Vana*
                                                Dan Vana